1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada Bar Number 13644
3  BRIAN WHANG
   Assistant United States Attorney
4  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
5  (702) 388-6336
   Brian.whang@usdoj.gov
6  Attorneys for the United States

7

8                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
9

10   UNITED STATES OF AMERICA,            2:19-CR-211-GMN-NJK

11              Plaintiff,                **Stipulation to Modify the Plea Agreement
                                          as to Robert Carl Litheredge, Jr., aka
12       v.                               Bobby Litheredge, and Order**

13   ROBERT CARL LITHEREDGE, JR., aka
     BOBBY LITHEREDGE,
14
                Defendant.
15

16       The United States of America and Robert Carl Litheredge, Jr., aka Bobby

17   Litheredge, and his counsel, Sunethra Muralidhara, agree as follows:

18       1.      The government and Robert Carl Litheredge, Jr., aka Bobby Litheredge, seek

19   to modify the Plea Agreement (ECF No. 37) only as to the forfeiture. The Plea Agreement

20   will remain in effect as to all other aspects of the agreement.

21   **DEFENDANT'S OBLIGATION REGARDING FORFEITURE**

22       2.      The defendant agrees to the forfeiture of the property and the imposition of

23   the forfeiture of the property as set forth in the Plea Agreement and this Stipulation to

24   Modify the Plea Agreement as to Robert Carl Litheredge, Jr., aka Bobby Litheredge, and

25   Order.

26   **CONSEQUENCE OF CONVICTION REGARDING FORFEITURE**

27       3.      <u>Criminal Forfeiture</u>: Defendant understands that the district court will impose

28   forfeiture of the property.

**FORFEITURE**

4. The defendant knowingly and voluntarily:

    a. Agrees to the district court imposing the civil judicial forfeiture or the criminal forfeiture of:

        1. Glock 22 Gen 4, .40 caliber pistol, bearing serial number BFFL848;

        2. Taurus PT917, .9 mm pistol, bearing serial number TDM39271; and

        3. any and all ammunition

(all of which constitutes property);

    b. Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

    c. Abandons or forfeits the property to the United States;

    d. Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

    e. Waives defendant's right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property (proceedings);

    f. Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

    g. Waives any further notice to defendant, defendant's agents, or defendant's attorney regarding the abandonment or the forfeiture and disposition of the property;

    h. Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property; agrees not to contest, or to assist any other person or entity in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or other documents in any proceedings;

    i. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the

1  charging document, the court advising defendant of the forfeiture at the change of plea, the
2  court having a forfeiture hearing, the court making factual findings regarding the forfeiture,
3  the court failing to announce the forfeiture at sentencing, and all constitutional
4  requirements, including but not limited to, the constitutional due process requirements of
5  any proceedings concerning the property;

6        j.     Waives defendant's right to a jury trial on the forfeiture of the
7  property;

8        k.     Waives all constitutional, legal, and equitable defenses to the forfeiture
9  or abandonment of the property in any proceedings, including, but not limited to, (1)
10  constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive
11  Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United
12  States Constitution;

13        l.     Agrees to the entry of an Order of Forfeiture of the property to the
14  United States;

15        m.     Waives the right to appeal any Order of Forfeiture;

16        n.     Agrees the property is forfeited to the United States;

17        o.     Agrees and understands the abandonment, the civil administrative
18  forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be
19  treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any
20  other penalty the Court may impose upon defendant in addition to the abandonment or the
21  forfeiture;

22        p.     Agrees and understands the USAO may amend the forfeiture order at
23  any time to add subsequently located property or substitute property pursuant to Fed. R.
24  Crim. P. 32.2(b)(2)(C) and 32.2(e);

25        q.     Acknowledges that the amount of the forfeiture may differ from, and
26  may be significantly greater than or less than, the amount of restitution; and
27  / / /
28  / / /

3

1           r.       The defendant admits the property is any firearm or ammunition

2 involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1), and is subject to

3 forfeiture pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c).

4       5.       Each party acknowledges and warrants that its execution of the Stipulation is

5 free and is voluntary.

6       6.       The Stipulation contains the entire agreement between the parties.

7       7.       Except as expressly stated in the Stipulation, no party, officer, agent,

8 employee, representative, or attorney has made any statement or representation to any other

9 party, person, or entity regarding any fact relied upon in entering into the Stipulation, and

10 no party, officer, agent, employee, representative, or attorney relies on such statement or

11 representation in executing the Stipulation.

12       8.       The persons signing the Stipulation warrant and represent that they have full

13 authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf

14 they are signing, to the terms of the Stipulation.

15       9.       This Stipulation shall be construed and interpreted according to federal

16 forfeiture law and federal common law. The jurisdiction and the venue for any dispute

17 related to, and/or arising from, this Stipulation is the unofficial Southern Division of the

18 United States District Court for the District of Nevada, located in Las Vegas, Nevada.

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

4

10. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 11/20/19                          DATED: 11/22/19

                                         NICHOLAS A. TRUTANICH
                                         United States Attorney


_____                _____
SUNETHRA MURALIDHARA                     BRIAN WHANG
Counsel for Robert Carl Litheredge, Jr., Assistant United States Attorney
aka Bobby Litheredge

DATED: 11/20/19


_____
Robert Carl Litheredge, Jr.,
aka Bobby Litheredge


                              IT IS SO ORDERED:

                              Dated this 2 day of December, 2019


                              _____
                              Gloria M. Navarro, District Judge
                              United States District Court

5