# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Robert Carl Litheredge**

Case Number:  **2:19CR00211**

Name of Sentencing Judicial Officer: **Honorable Gloria M. Navarro**

Date of Original Sentence: **February 20, 2020**

Original Offense: **Felon in Possession of a Firearm**

Original Sentence: **21 Months prison, followed by 36 Months TSR.**

Date of Prior Revocation: **November 17, 2021**

Revocation Sentence: **7 Months prison, Follwed by 29 Months TSR**

Date Supervision Commenced: **December 30, 2020**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. <u>**Do Not Unlawfully Use Controlled Substance**</u> **- You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.**

   A.  Litheredge tested positive for methamphetamine on the following dates:

   May 26, 2022
   July 19, 2022

**RE: Robert Carl Litheredge**

Prob12C
D/NV Form
Rev. March 2017

October 4, 2022

B.  On the following dates, Litheredge failed to report for drug testing:

August 23, 2022
September 24, 2022

2.  <u>**Residential Reentry Center**</u> **– You must reside in a residential reentry center for a term of up to 90 days. You must follow the rules and regulations of the center.**

On January 31, 2023, it was reported by residential reentry center (RRC) staff that upon returning from a community movement pass, Litheredge appeared to be disoriented and had blurry eyes. He was searched and was found in possession of what appeared to be two small cut pieces of paper in plastic, hidden inside a pack of cigarettes. Also found was a large piece of torn paper. These papers are known to be laced with intoxicants and are considered contraband at RRC.

On February 9, 2023, Litheredge was observed by RRC staff in the bathroom over a toilet with an unidentified item in his hand. When confronted he immediately discarded the item in the toilet.

On February 13, 2023, Litheredge was discharged from the RRC as a program failure due to the violations noted above.

**RE: Robert Carl Litheredge**

Prob12C
D/NV Form
Rev. March 2017

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **February 13, 2023**

Digitally signed by
Javier Muruato-Cortez
Date: 2023.02.13
13:17:53 -08'00'

Javier Muruato
U.S. Probation Officer

Approved:

Digitally signed by Todd
Fredlund
Date: 2023.02.13
12:40:20 -08'00'

Todd J. Fredlund
Supervisory United States Probation Officer

*THE COURT ORDERS*

☐    No Action.
☒    The issuance of a warrant.
☐    The issuance of a summons.
☐    Other:

_____
Signature of Judicial Officer

February 13, 2023
_____
Date

RE: Robert Carl Litheredge

Prob12C
D/NV Form
Rev. March 2017

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. ROBERT CARL LITHEREDGE,  2:19CR00211

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### February 13, 2023

By way of case history, Litheredge was sentenced by Your Honor to 21 Months imprisonment followed by 36 months supervised released for committing the offense of Felon in Possession of Firearm. He commenced supervision on January 4, 2021. On November 17, 2021 Litheredge' s supervision was revoked for committing multiple violations to include methamphetamine use, failing to follow the instructions of his probation officer, failure to live at an approved location, failure to follow the rules of the residential reentry center (RRC), and failing to complete treatment. Litheredge was sentenced to 7 months imprisonment followed by 29 months supervised release. Litheredge commenced his second term of supervision on May 24, 2022.

On May 26, 2022, Litheredge reported to the probation office pursuant to his 72-hour requirement wherein he tested positive for methamphetamine. The positive test was confirmed by the National Laboratory.

On July 19, 2022, Litheredge reported to the probation office for his weekly meeting. Litheredge appeared under the influence as he was shaking, had dilated pupils, and erratic behavior. Litheredge tested positive for methamphetamine this date. Litheredge claimed he was drugged by his mother.

On October 4, 2022, Litheredge reported to the probation office for his weekly meeting with his probation officer. Litheredge told his officer he used methamphetamine while he was gambling at a casino near his residence. Litheredge submitted to a drug a test which was positive for methamphetamine. The positive test was confirmed by the National Laboratory.

Litheredge has admitted that his home life is a stressor for him and likely a contributing factor to his methamphetamine use. Litheredge agreed that his current living environment is not conducive to a sober lifestyle. To provide Litheredge with a more positive lifestyle, Litheredge was presented with waiver for modification to his conditions to include placement at the residential re-entry center for 90 days. In addition, Litheredge' s treatments services had been amended to include substance abuse group sessions in conjunction with his individual sessions. Litheredge agreed to the modification and signed the probation form 49 waiving his right to both a hearing and an attorney. The Court granted the modifications on October 15, 2022.

Litheredge had previously been a resident at the RRC wherein he incurred multiple program violations. Despite this, Litheredge was granted another opportunity and approved to be housed at the RRC as a public law placement and entered the program on October 31, 2022.

**RE: Robert Carl Litheredge**

Prob12C
D/NV Form
Rev. March 2017

On January 31, 2023, it was reported that upon returning from a community movement pass, Litheredge appeared to be disoriented and had blurry eyes. He was searched and was found in possession of what appeared to be two small cut pieces of paper in plastic, hidden inside a pack of cigarettes. Also found was a large piece of torn paper. These papers are known to be laced with intoxicants and are considered contraband at RRC. Litheredge was in violation of program rules and regulation by possessing anything not unauthorized for retention.

On February 9, 2023, it was reported that Litheredge was observed in the bathroom over a toilet with an unidentified item in his hand. When confronted he immediately discarded the item in the toilet. Litheredge was in violation of program rules and regulation by possessing unauthorized items. Due to these violations Litheredge was discharged from the RRC.

Litheredge has an extensive criminal history, resulting in a criminal history category V. Litheredge has multiple convictions for violent related offenses, including convictions for Battery (3 times), Harassment, Robbery, and Conspiracy to Commit Battery Constituting Domestic Violence. Below is list of Litheredge's convictions:

-Unlawful Possession of Drug Paraphernalia (August 2007)
-Illegal Possession/Use of a Controlled Substance; Possession of Drug Paraphernalia (May 2007)
-Harassment (October 2007)
-Battery (October 2007)
-Failure to Appear (February 2008)
-Contempt of Court (November 2008)
-Battery (October 2009)
-Possession of Drug not to be Introduced into Commerce – Cocaine (October 2009)
-Contempt of Court (August 2009)
-Conspiracy to Commit a Crime (May 2010)
-Battery (September 2016)
-Conspiracy to Commit Battery Constituting Domestic Violence (August 2017)
-Possession of Drug not to be Introduced into Commerce
-Conspiracy to Commit Battery (August 2017)
-Felon in Possession of Firearm (February 2020)
-Battery with Substantial Bodily Harm (January 2023)


It is noted Litheredge committed the crime of Battery with Substantial Bodily Harm during his prior term of supervised release. Litheredge has been afforded multiple opportunities to comply with conditions of release and the instructions from the probation office but unfortunately continues to violate. There does not appear to be a single condition or combination of conditions that can ensure his compliance. It is recommended a warrant be issued and Litheredge remain in custody pending his revocation hearing before this Court.

**RE: Robert Carl Litheredge**

Prob12C
D/NV Form
Rev. March 2017

Respectfully submitted,

Digitally signed by
Javier Muruato-Cortez
Date: 2023.02.13
13:20:40 -08'00'

_____

Javier Muruato
U.S. Probation Officer

Approved:

Digitally signed by
Todd Fredlund
Date: 2023.02.13
12:40:52 -08'00'

_____

Todd J. Fredlund
Supervisory United States Probation Officer

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 1

# UNITED STATES DISTRICT COURT

### District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| ROBERT CARL LITHEREDGE, JR. | Case Number:  2:19-cr-00211-GMN-NJK-1 |
| *also known as* | USM Number:  55705-048 |
| Bobby Litheredge | Sunethra Muralidhara, CJA |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    2 of the Indictment (ECF No. 17)

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm | 6/11/2019 | 2 |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    all remaining        ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/20/2020
Date of Imposition of Judgment

Signature of Judge

Gloria M. Navarro, District Judge - US District Court
Name and Title of Judge

**February 20, 2020**
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   2   of   7  

DEFENDANT:    ROBERT CARL LITHEREDGE, JR. *also known as* Bobby Litheredge
CASE NUMBER:    2:19-cr-00211-GMN-NJK-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
21 MONTHS

☑ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the Defendant be allowed to serve his term of incarceration at 1) FCI Tucson, 2) USP Tucson, or 3) USP Allenwood to be participate in available mental health treatment.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

     ☐ at  _____ ☐ a.m.   ☐ p.m.   on  _____ .

     ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. on  _____ .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page    3    of    7

DEFENDANT:   ROBERT CARL LITHEREDGE, JR. *also known as* Bobby Litheredge
CASE NUMBER:   2:19-cr-00211-GMN-NJK-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

THREE (3) YEARS

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
         ☐ The above drug testing condition is suspended, based on the court's determination that you
              pose a low risk of future substance abuse. *(check if applicable)*
4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
         restitution. *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as
         directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
         reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:  ROBERT CARL LITHEREDGE, JR. *also known as* Bobby Litheredge
CASE NUMBER:  2:19-cr-00211-GMN-NJK-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page    5    of    7

DEFENDANT:  ROBERT CARL LITHEREDGE, JR. *also known as* Bobby Litheredge
CASE NUMBER:  2:19-cr-00211-GMN-NJK-1

# SPECIAL CONDITIONS OF SUPERVISION

1. <u>Substance Abuse Treatment</u> – You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program based upon your ability to pay.

2. <u>Drug Testing</u> – You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must not attempt to obstruct or tamper with the testing methods.

3. <u>Mental Health Treatment</u> – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program based upon your ability to pay.

4. <u>Search and Seizure</u> – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page    6    of    7

DEFENDANT: ROBERT CARL LITHEREDGE, JR. *also known as* Bobby Litheredge
CASE NUMBER: 2:19-cr-00211-GMN-NJK-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT:  ROBERT CARL LITHEREDGE, JR. *also known as* Bobby Litheredge
CASE NUMBER:  2:19-cr-00211-GMN-NJK-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $ __100.00__ due immediately, balance due

         ☐  not later than _____ , or
         ☐  in accordance with  ☐  C,  ☐  D,  ☐  E, or  ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
      imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
     See attached Final Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.



_____ FILED              _____ RECEIVED
_____ ENTERED            _____ SERVED ON
                  COUNSEL/PARTIES OF RECORD

FEB 20 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-CR-211-GMN-NJK |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| ROBERT CARL LITHEREDGE, JR., aka BOBBY LITHEREDGE, | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2) and 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c) based upon the plea of guilty by Robert Carl Litheredge, Jr., aka Bobby Litheredge, to the criminal offense, forfeiting the property set forth in the Stipulation to Modify the Plea Agreement and the Plea Agreement and shown by the United States to have the requisite nexus to the offense to which Robert Carl Litheredge, Jr., aka Bobby Litheredge, pled guilty. Criminal Indictment, ECF No. 17; Change of Plea, ECF No. 36; Plea Agreement, ECF No. 37; Preliminary Order of Forfeiture, ECF No. 42; Stipulation to Modify the Plea Agreement, ECF No. 43.

This Court finds that the United States may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

///

This Court finds no petitions are pending with regard to the property named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(n)(7) and shall be disposed of according to law:

1. Glock 22 Gen 4, .40 caliber pistol, bearing serial number BFFL848;
2. Taurus PT917, .9 mm pistol, bearing serial number TDM39271; and
3. any and all ammunition

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED ___Feb 20___, 2020.


HONORABLE GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

2

AO 245D (Rev. 09/20)    Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For **Revocation** of Probation or Supervised Release) |
| ROBERT CARL LITHEREDGE, JR. also known as Bobby Litheredge | Case No.  2:19-cr-00211-GMN-NJK |
| | USM No. 55705-048 |
| | Kendall S. Stone, CJA |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)    #2 through #5 & #7 in [57] Petition    of the term of supervision.

☐ was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| #2 in Petition #57 | Do Not Unlawfully Use Controlled Substance | 10/18/2021 |
| #3 in Petition #57 | Follow Instructions of Probation Officer | 05/24/2021 |
| #4 in Petition #57 | Live at Approved Place | 10/13/2021 |
| #5 in Petition #57 | Residential Reentry Center | 08/17/2021 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has not violated condition(s)    #1 & #6 in [57] Petition    and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: __0733__

Defendant's Year of Birth: __1987__

City and State of Defendant's Residence:
Las Vegas, Nevada

11/17/2021
Date of Imposition of Judgment

Signature of Judge

GLORIA M. NAVARRO, JUDGE, U.S. DISTRICT COURT
Name and Title of Judge

November 17, 2021
Date

AO 245D (Rev. 09/20)    Judgment in a Criminal Case for Revocations
                        Sheet 1A

Judgment—Page    2    of    6

DEFENDANT:  ROBERT CARL LITHEREDGE, JR. also known as Bobby Litheredge
CASE NUMBER:  2:19-cr-00211-GMN-NJK

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| #7 in Petition #57 | Mental Health Treatment | 10/18/2021 |

AO 245D (Rev. 09/20)     Judgment in a Criminal Case for Revocations
                         Sheet 2— Imprisonment

Judgment — Page ___3___ of ___6___

DEFENDANT:  ROBERT CARL LITHEREDGE, JR. also known as Bobby Litheredge
CASE NUMBER: 2:19-cr-00211-GMN-NJK

# IMPRISONMENT

      The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Seven (7) months.

☑  The court makes the following recommendations to the Bureau of Prisons:

It is recommended by the Court the defendant serve his term of incarceration at Nevada Southern Detention Center due to his 2-month-old son having surgery on 11/16/2021.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m.  on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/20)    Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

| | | Judgment—Page | 4 | of | 6 |

DEFENDANT:   ROBERT CARL LITHEREDGE, JR. also known as Bobby Litheredge
CASE NUMBER:   2:19-cr-00211-GMN-NJK

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Twenty-nine (29) months.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 09/20)    Judgment in a Criminal Case for Revocations
Sheet 3A — Supervised Release

Judgment—Page ___5___ of ___6___

DEFENDANT:   ROBERT CARL LITHEREDGE, JR. also known as Bobby Litheredge
CASE NUMBER:   2:19-cr-00211-GMN-NJK

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245D (Rev. 09/20)    Judgment in a Criminal Case for Revocations
                        Sheet 3D — Supervised Release

Judgment—Page    6    of    6

DEFENDANT: ROBERT CARL LITHEREDGE, JR. also known as Bobby Litheredge
CASE NUMBER: 2:19-cr-00211-GMN-NJK

# SPECIAL CONDITIONS OF SUPERVISION

1. <u>Substance Abuse Treatment</u> – You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

2. <u>Mental Health Treatment</u> – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

3. <u>Search and Seizure</u> – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Note: A written statement of the conditions of release was provided to the Defendant by the Probation Officer in open court at the time of sentencing.

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

\_\_\_\_\_  District of Nevada  \_\_\_\_\_

| United States of America | ) | | |
|---|---|---|---|
| v. | ) | Case No. | 2:19CR00211 |
| Robert Carl Litheredge | ) | | |
| | ) | | |
| | ) | | |
| _____ | ) | | |
| *Defendant* | | | |

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Robert Carl Litheredge _____ ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☒ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:
Supervised Release Violations

Date: _____        _____
                                                                *Issuing officer's signature*

City and state: _____        _____
                                                                *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____        _____ *Arresting officer's signature* |
| _____ *Printed name and title* |

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:    **Robert Carl Litheredge**

Known aliases:    **Robert Carl Litheredge   Robert Litheredge   Bobby Litheredge   Bobby Boulder   Robert Carl Litheredge**

Last known residence:    **2901 Sammy Davis Junior Drive,  Las Vegas, NV**

Prior addresses to which defendant/offender may still have ties:    840 King Richard Avenue, Bldg 3, Apt 24, Las Vegas, NV 89119

**5345 Rod Court, Number 101, Las Vegas, NV 89122**

Last known employment:    None

Last known telephone numbers:    **725-249-1906**

Place of birth:    **Las Vegas, Nevada**

Date of birth:    **June 11, 1987**

Social Security number:

Height:    **77**                                         Weight:    **Blue**

Sex:    **Male**                                          Race:    **White**

Hair:    **Brown**                                        Eyes:    **Blue**

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:    **Current drug use; DV history, Violence history,**

Known family, friends, and other associates *(name, relation, address, phone number)*:    **Mom Lyn Litheredge 702-743-3130**

FBI number:    **548454RC9**

Complete description of auto:

Investigative agency and address:    United States Probation Office, District of Nevada, 300 Las Vegas Blvd., South, Las Vegas NV

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

**Javier Muruato 702-527-7278**

Date of last contact with pretrial services or probation officer *(if applicable)*:    **01/31/2023**